**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Xi CHAIDEZ, aka Seal A, aka Xi
Zhang, aka Sunny Zhang,
Defendant–Appellant.**

**No. 09–50137.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 6, 2010.*

Filed April 9, 2010.

Pio Kim, Michael J. Raphael, Esquire,
Assistant U.S., Office of the U.S. Attorney,
Los Angeles, CA, for Plaintiff–Appellee.

Michael Joseph Brennan, Esquire, Man-
hattan Beach, CA, Cornell J. Price, Es-
quire, Los Angeles, CA, for Defendant–
Appellant.

Before: D.W. NELSON and
REINHARDT, Circuit Judges, and
GERTNER,** District Judge.

### MEMORANDUM ***

Xi Chaidez appeals her conviction on
one count of Impairment of In Rem Juris-
diction in violation of 18 U.S.C. § 2232(b)
and one count of Conspiracy to Impair In
Rem Jurisdiction in violation of 18 U.S.C.
§ 371. We affirm.

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** The Honorable Nancy Gertner, United States
District Judge for the District of Massachu-
setts, sitting by designation.

First, we hold that Chaidez cannot chal-
lenge the sufficiency of the evidence un-
derlying her convictions. Chaidez waived
her right to seek appellate review of the
sufficiency of the evidence by failing to
move for a judgment of acquittal before
her case was submitted to the jury. *Unit-
ed States v. Tisor,* 96 F.3d 370, 379 (9th
Cir.1996).

Next, we reject Chaidez' argument that
the Government committed prosecutorial
misconduct by stating during its closing
argument that Chaidez stipulated to an
element of the charged offenses. "We re-
view claims of prosecutorial misconduct for
plain error when the defendant fails to
object at trial. We find plain error only
when there is: 1) error; 2) that was clear
or obvious; 3) that affected substantial
rights; and 4) that seriously affected the
fairness, integrity, or public reputation of
the judicial proceedings." *United States v.
Washington,* 462 F.3d 1124, 1136 (9th Cir.
2006) (internal citations omitted).

Chaidez' counsel agreed in open court on
the record that the defense would "not ...
tell the jury that the government ha[dn't]
proven beyond a reasonable doubt that
there wasn't permission to sell." The dis-
trict court and the Government made clear
on the record that they believed this state-
ment was "a factual stipulation" that Chai-
dez never received permission to sell.
Nothing in the record suggests to us that
this belief was in error. Chaidez did not
object when the court stated on the record
that a stipulation had been made, when the
Government asked for and received per-
mission to mention the stipulation during
closing arguments, nor when the Govern-
ment stated during its closing argument

---

*** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

that Chaidez made a stipulation. The most reasonable explanation for Chaidez' silence is that Chaidez' counsel did in fact stipulate that she lacked permission to transfer the property. Even if Chaidez did not intend to stipulate this point, her intent was not "clear or obvious" and the Government and the court's mutual failure to discern her undisclosed intent did not "seriously affect[ ] the fairness, integrity, or public reputation of the judicial proceedings." *Washington,* 462 F.3d at 1136. Accordingly, we hold that the Government did not commit plain error in asserting during its closing argument that Chaidez stipulated that she lacked court authority to transfer the property at issue.

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.